ENERI DE JESÚS y su esposo MANUEL CARVAJAL, demandantes y apelados, *v.* DRUG COMPANY OF PORTO RICO, INC., demandada y apelante.

No. 6435.—*Sometido:* Julio 24, 1933. *Resuelto:* Julio 29, 1933.

*Leopoldo Feliú,* abogado de la apelante; *Pellón & Ayuso,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Eneri de Jesús y su esposo Manuel Carvajal arrendaron a la Drug Co. of Porto Rico, Inc., una finca urbana por el término de cuatro años a partir del primero de mayo de 1929, siendo prorrogable el contrato por tres años más si la arrendataria notificaba por escrito a los propietarios, con noventa días de antelación a la fecha del vencimiento de tales cuatro años, de su intención y deseo de ejercitar dicha prórroga. El canon de arrendamiento de dicho contrato se fijó en la suma de $300 mensuales. La demandada no hizo uso de su derecho a prorrogar el contrato, según alegan los demandantes, quienes basan la presente acción en el vencimiento de dicho contrato.

Excepcionada la demanda y desestimada la excepción por la corte inferior, la demandada en su contestación negó que el término de cuatro años fijado en el contrato venciera en mayo primero de 1933, y alegó como oposición que el contrato fué prorrogado por convenio de las partes y que en

virtud de dicho convenio la demandada ocupa la finca arrendada por un canon mensual de $300 pagaderos el día último de cada mes.

Celebrada la vista de este caso la corte dictó sentencia declarando con lugar la demanda y condenando a la demandada a dejar a la libre y expedita disposición de los demandantes la finca urbana objeto del desahucio. De esta sentencia interpuso la demandada recurso de apelación y ahora comparecen los demandantes solicitando su desestimación por motivos de frivolidad y porque la demandada no ha consignado en la corte inferior los cánones de arrendamiento que se van venciendo durante el trámite de esta apelación.

■ Hemos leído detenidamente la opinión de la corte inferior unida a los autos, donde se transcriben varias cartas cruzadas entre los demandantes y la demandada, y si toda la prueba practicada se redujese a estas cartas y estuviésemos en condiciones de pronunciar nuestro fallo con pleno conocimiento de las alegaciones y de la evidencia aportada, acaso resolveríamos favorablemente la cuestión de frivolidad planteada por los demandantes. Carecemos, sin embargo, del beneficio de la prueba para resolver estas cuestiones. La transcripción de autos no ha sido elevada a este tribunal y la demandada, en una moción jurada por su abogado, afirma que ambas partes litigantes aportaron, en el acto del juicio, evidencia oral y escrita consistente en declaraciones de testigos y cartas cruzadas entre los litigantes, y que fundándose en tal evidencia se dictó la sentencia apelada, estando pendiente de aprobación por la corte inferior la transcripción de la evidencia para ser unida a los autos y elevada a este tribunal.

Alega la apelante que se propone demostrar que la demandada ocupaba la finca objeto de este litigio mediante un contrato de mes por mes a un canon determinado y no a virtud del contrato primitivo en que se funda la demanda, que la sentencia no está sostenida por la prueba y que la imposición de costas a la demandada fué errónea, por no haberse

probado ni aparecer de los autos que la misma fuese temeraria o acreedora de ser castigada con la imposición de tales costas.

No habiéndose unido a los autos la transcripción de la evidencia debidamente autenticada, nos vemos obligados a desestimar la moción presentada por los demandantes, lamentando que no se nos haya colocado en condiciones de resolver la cuestión de frivolidad, por tratarse de una acción de desahucio que, por su carácter extraordinario y perentorio, reclama inmediata atención.

■ Se alega que no se han consignado en la secretaría del tribunal inferior los cánones de arrendamiento de mayo y junio de 1933. Según admiten los demandantes, la demandada prestó fianza de acuerdo con el artículo 12 de la ley de desahucio. Puede que no estén completamente desacertados los apelantes al alegar que la demandada ha debido ir depositando estos cánones en la secretaría del tribunal según se han ido venciendo, pero la verdad es que la acción ejercitada no se basa en falta de pago del canon convenido y que la demandada ha prestado una fianza para sostener su apelación de acuerdo con el artículo mencionado de la ley de desahucio.

*Debe declararse sin lugar la moción solicitando la desestimación del recurso.*